**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3983-18T2

RICHARD BRYANT,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted September 21, 2020 – Decided November 30, 2020

Before Judges Hoffman and Smith.

On appeal from the New Jersey Department of Corrections.

Richard Bryant, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Beonica A. McClanahan, Deputy Attorney General, on the brief).

PER CURIAM

Richard Bryant (appellant), an inmate at South Woods State Prison, appeals an April 1, 2019 New Jersey Department of Corrections (DOC) decision finding him guilty of prohibited act *.004, fighting with another person, N.J.A.C. 10A:4-4.1(a), and imposing sanctions. We affirm for the reasons set forth below.

I.

On March 23, 2019, appellant was charged with fighting. The DOC investigated the next day. Appellant's request for substitute counsel was granted, and the DOC adjourned the hearing once to permit appellant to obtain and view video footage from a security camera. At the March 29 hearing, the DHO reviewed written reports from the corrections officers and a DOC medical report, as well as statements from the appellant and three inmates. After the hearing, the disciplinary hearing officer (DHO) found appellant guilty of fighting. The DHO recommended sanctions of ninety days administrative segregation, sixty days loss of commutation time, and fifteen days loss of recreational privileges. The DOC issued a final decision imposing the recommended sanctions on April 1, 2019.

## II.

Corrections Officers Brown and Homan heard a commotion coming from the left side of B-wing. When they entered the wing, the two officers witnessed appellant and another inmate, Metts, exchanging closed-fist punches. The officers called code 33 on their radios and ordered the inmates to stop fighting. After the two men ceased fighting, the officers handcuffed them and escorted them from B-wing. A medical exam immediately afterwards revealed no injuries to either inmate.

At the hearing, the three inmates, Feneque, Armentrout, and Williams, each offered written statements. indicating they saw no punches thrown or exchanged by appellant and Metts. Appellant indicated in his statement he only argued with Metts - there was no fight. According to the record before us, a prison security camera recorded the subject events from E-wing, as the B-wing camera apparently was inoperable. The DHO found the video footage "unclear," but that it showed "some sort of incident occurring and others watching." The DHO offered appellant the opportunity to confront and cross-examine his accusers, Officers Brown and Homan, but appellant declined.

The DHO found appellant guilty of fighting Metts and recommended sanctions. The DOC issued a final decision adopting the recommendations of

3

the DHO. This appeal followed, with the appellant raising the following arguments:

POINT I
APPELLANT SHOULD NOT HAVE
BEEN FOUND GUILTY

POINT II
THE HEARING OFFICER RELIED ON
CUSTODY STAFF'S WORD OVER
INMATES' AND OTHERS

III.

Our role in reviewing the decision of an administrative agency is limited. In re Taylor, 158 N.J. 644, 656 (1999); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not upset the determination of an administrative agency absent a showing that it was arbitrary, capricious, or unreasonable; that it lacked fair support in the evidence; or that it violated legislative policies. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).

We have also noted that the Legislature has provided the DOC with broad discretion in all matters regarding the administration of a prison facility, including disciplinary infractions by prisoners. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999). Therefore, we may not vacate an agency's determination because of doubts as to its wisdom or because the record

4

may support more than one result. De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 489-90 (App. Div. 1985).

However, "although the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa, 414 N.J. Super. at 191 (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)). We are not "relegated to a mere rubber-stamp of agency action," but rather we must "engage in careful and principled consideration of the agency record and findings." Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (citations omitted).

A prison disciplinary proceeding "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply." Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). In Avant, our Supreme Court prescribed limited due process protections due prisoners prior to their subjection to discipline. Id. at 519 n.21. These protections include written notice of the charges and timely adjudication; a hearing before an impartial tribunal; representation, if requested, by counsel-substitute; a limited ability to call witnesses and confront adverse witnesses; and a limited ability to present documentary evidence. Id. at 525-30.

A-3983-18T2

Post-hearing,

> a written statement of the fact-findings is given to the inmate by the hearing officer as to the evidence relied upon, decision and the reason for the disciplinary action taken unless doing so would jeopardize institutional security. The written statement also indicates the reason for refusing to call a witness or to disclose items of evidence whether it be for irrelevance, lack of necessity or the hazards presented in individual cases.
>
> [Id. at 533 (citation omitted).]

See also N.J.A.C. 10A:4-9.24(a). These limited procedural rights, initially set forth in Avant, are codified in a comprehensive set of DOC regulations, N.J.A.C. 10A:4-9.1 to 9.28. DOC's regulations also require any "finding of guilt at a disciplinary hearing be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). When an error in fact finding by an administrative agency is alleged, the scope of our review is limited. In re Taylor, 158 N.J. 644, 656-57 (1999). We are to decide only whether the findings could reasonably have been reached on sufficient credible evidence present in the record giving due regard to the ability of the fact finder to judge credibility and where agency expertise is a factor to its expertise. Id. at 657.

6

IV.

We are satisfied that appellant received all due process protections required under New Jersey law. The DHO reviewed statements and reports from seven witnesses, including appellant. The DHO explicitly relied upon statements contained in the uncontroverted written reports of the two corrections officers who observed the fight. The DHO also noted that the video displayed "some sort of incident occurring and others watching." We are also satisfied the DHO, having the benefit of a complete record, including the officers' reports, witness statements, and the security video, had more than sufficient credible evidence to support the guilty finding.

Appellant argues the DHO erred in relying on the corrections officers over the other witnesses. We decide only whether the findings could reasonably have been reached on sufficient credible evidence present in the record giving due regard to the ability of the fact finder to judge credibility. Taylor, 158 N.J. at 657. Implicit in the DHO's decision is the finding that she evaluated the competing statements of appellant and the inmates and found their statements less credible and outweighed by the correction officers' statements. The DHO noted in her written adjudication of disciplinary charge that appellant was offered an opportunity to cross-examine the adverse witnesses and place their

A-3983-18T2

version of events in issue.  He declined.  We find no error in the credibility determinations of the DHO.

Appellant next argues that the security video did not show a fight.  He suggests Officers Brown and Homan could not have witnessed a fight that day because none could be seen on the security video.  We disagree.  Brown and Homan reported that they heard a commotion, then went into B-wing.  When they arrived there, they saw appellant fighting Metts.  The DHO found the E-wing security video footage "unclear".  However, she was able to see on the video other people watching whatever incident was taking place.  The DHO's video findings were not inconsistent with the officers' reports.  The agency is best positioned to understand the respective B-wing and E-wing prison layout and security camera placement.  We defer to agency expertise on the record before us.  Ibid.

Finally, appellant argues the DHO should have assigned more weight to a medical report showing appellant and Metts sustained no injuries attributable to the fight.  He argues this report, along with the inmate witnesses' statements and the video, taken together, "should have counterbalanced" the written reports of the corrections officers.  We may not vacate an agency's determination because of doubts as to its wisdom or because the record may support more than one

result.  <u>De Vitis</u>, 202 N.J. Super. at 489-90.  We find the DHO had sufficient credible evidence in the record before her to find appellant guilty of fighting. <u>Taylor</u>, 158 N.J. at 657.  Any arguments not specifically addressed lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3983-18T2